# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: November 12, 2024

```
*   *   *   *   *   *   *   *   *   *   *   *   *
CARMEN HILL,                         *
                                     *
                                     *
           Petitioner,               *          No. 22-616V
                                     *
v.                                   *          Special Master Gowen
                                     *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                                     *
           Respondent.               *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Meredith Daniels*, Conway Homer, P.C., Boston, MA, for petitioner.
*Mallori Openchowski*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On June 3, 2022, Carmen Hill, ("petitioner") filed a Petition for Compensation in the National Vaccine Injury Compensation Program. [2] *See* Petition (ECF No. 1). Petitioner alleged that she suffers from transverse myelitis ("TM") as a result of the flu vaccination she received on October 2, 2020. *Id.* at Preamble.

On November 12, 2024, respondent filed a Stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation ¶ 7 (ECF No. 51). Respondent "denies that the flu vaccine caused petitioner to suffer from TM or any other injury or her current condition." *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties "now agree

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that the issues between them shall be settled and that a decision should be entered awarding" compensation according to the terms of the Stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The Stipulation provides:

1) **A lump sum of $148,689.58, which amount represents compensation for first year life care expenses ($18,689.58) and combined lost earnings, pain and suffering, and past unreimbursable expenses ($130,000.00), in the form of a check payable to petitioner;**

2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

I adopt the parties' Stipulation attached hereto and award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the Stipulation and this Decision.[3]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CARMEN HILL,                                )
                                            )
                  Petitioner,               )
        v.                                  )
                                            )    No. 22-616V
SECRETARY OF HEALTH                         )    Special Master Gowen
AND HUMAN SERVICES,                         )    ECF
                                            )
                  Respondent.               )
                                            )

**STIPULATION**

The parties hereby stipulate to the following matters:

1.  Petitioner, Carmen Hill, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  Petitioner received a flu vaccination on or about October 2, 2020.

3.  The vaccination was administered within the United States.

4.  Petitioner alleges that she suffered from transverse myelitis ("TM") as a result of receiving the flu vaccine, and that she experienced the residual effects of this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.  Respondent denies that the flu vaccine caused petitioner to suffer from TM or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $148,689.58, which amount represents compensation for first year life care expenses ($18,689.58) and combined lost earnings, pain and suffering, and past unreimbursable expenses ($130,000.00), in the form of a check payable to petitioner;

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Carmen Hill, pursuant to which

2

the Life Insurance Company will agree to make payments periodically to petitioner as follows

for the following life care items available under 42 U.S.C. §300aa-15(a).

a.  For future unreimbursable Blue Cross Blue Shield Deductible expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,500.00 to be paid up to the anniversary of the date of judgment in year 2043, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b.  For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $240.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c.  For future unreimbursable Medigap and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $2,960.30 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d.  For future unreimbursable Pregabalin, Diclofenac, Omeprazole, Duloxetine, Mirabegron ER, and Cyclobenzaprine expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,184.36 to be paid up to the anniversary of the date of judgment in year 2043, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e.  For future unreimbursable MiraLAX and Aleve expenses, beginning on the first anniversary of the date of judgment, an annual amount of $204.97 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f.  For future unreimbursable TENS Unit, TENS Pad, Left Ankle Brace, Cane, Single Hand Bed Rail, Stool, Bidet, Bathroom Dressing Aide, Dr. Scholls Sandal expenses, beginning on the first anniversary of the date of judgment, an annual amount of $113.02 to be paid up to the anniversary of the date of judgment in year 2027.  Then, on the anniversary of the date of judgment in year 2027, a lump sum of $202.97.  Then, on the anniversary of the date of judgment in year 2028, a lump sum of $402.99.  Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $186.33 to be paid up to the anniversary of the date of judgment in year 2032.  Then, on the anniversary of the date of judgment in year 2032, a lump sum of $202.45.  Then, on the anniversary of the date of judgment in year 2033, a lump sum of $187.94.  Thereafter, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $138.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g.  For future unreimbursable Lift Chair expenses, on the anniversary of judgment in year 2043, a lump sum of $954.00.  Thereafter, beginning on the anniversary of the date of

judgment in year 2044, an annual amount of $95.40 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h.  For future unreimbursable Magnetic Shoe Lace, Incontinence Pads Long, Incontinence Pads Small, Baby Wipe, Hand Sanitizer, and Cocoa Butter expenses, beginning on the first anniversary of the date of judgment, an annual amount of $869.91 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i.  For future unreimbursable Home Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,048.00 to be paid up to the anniversary of the date of judgment in year 2038.  Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $7,776.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j.  For future unreimbursable PCP Mileage, Neurologist Mileage, Spine Specialist Mileage, Urologist Mileage, Physiatrist Mileage, and Physical Therapist Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $132.38 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.  Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Carmen Hill, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Carmen Hill's death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

5

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 2, 2020, as alleged by petitioner in a petition for vaccine compensation filed on or about June 3, 2022, in the United States Court of Federal Claims as petition No. 22-616V.

6

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged TM, or any other injury or her current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

CARMEN HILL

**ATTORNEY OF RECORD FOR
PETITIONER:**

RONALD C. HOMER, ESQ.    *Rule 83.1(c)(3)*
MEREDITH DANIELS, ESQ.
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990
Email: rhomer@ccandh.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by
Jeffrey S. Beach -S
Date: 2024.10.17
13:30:15 -04'00'                for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-0660
Email: mallori.b.openchowski@usdoj.gov

Dated: 11/12/2024

8